

# THE ATTORNEY GENERAL

# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

December 2, 1963

Hon. John Winters
Commissioner
Department of Public Welfare
Austin, Texas

Opinion No. C-189

Re: As a part of its legal
responsibility for Child
Welfare Services, may the
county pay the personnel
employed in Child Welfare
Units eight cents (8¢) a
mile for official travel
incurred in the perform-
ance of their official
duties?

Dear Mr. Winters:

This is in reply to your letter of November 21, 1963,
in which you asked the following question:

"As a part of its legal responsibility for
Child Welfare Services, may the county pay the
personnel employed in Child Welfare Units eight
cents (8¢) a mile for official travel incurred
in the performance of their official duties?"

In addition, you have furnished us factual background
as follows:

"Over a number of years the State Depart-
ment of Public Welfare in cooperation with the
County Commissioners' Court has established
Child Welfare Units in a number of counties in
the State.

"The State Department of Public Welfare pays
the salaries of most of the personnel employed in
the Units, while the county pays the salaries in
some instances of some of the personnel and pays
the other expenses incident to conducting the
Child Welfare Unit within the county.

". . .

"It has been the pattern over a number of
years for the county in many instances to furnish

the travel expenses for the Worker as a part
of the county's contribution to the overall
Child Welfare Program within the county.  In
many instances this was done on the basis of
a stipulated amount per month.

"The Department considered that it would
be more equitable if the travel expenses were
paid on  the basis of actual mileage traveled
by the Worker.  In formulating the agreement
with the county, the Department had suggested
that the rate for mileage be established on
the basis of the official legal rate or mileage
schedule provided for State employees which is
currently eight cents (8¢) a mile.

"The counties are in agreement with using
the official State rate or mileage schedule;
however, some of the County Auditors have
raised the question as to the legality of the
county's paying the legal rate for mileage paid
by the State on the basis that they cannot le-
gally pay this amount to county employees. . . ."

In Attorney General's Opinion No. 0-5943 (1944), in
considering the method of handling expenditures of county funds
for child welfare services administered by Child Welfare Boards,
it was stated that the Legislature has conferred upon the Com-
missioners' Court power to expend funds for the purpose enumer-
ated in the Child Welfare Act and that:

". . . Section 40, Article 695c, supra,
expressly provides that funds may be expended
for the administration of the Board and to pro-
vide for services to and support of children in
need.

The opinion further stated that acquiring the services
of a stenographer and paying for such services would be proper
since:

"Every function performed by the Board or
its stenographer would be a direct benefit to
the children within the Board's province."

It is likewise our opinion that travel expenses con-
nected with providing services and support of children covered
by Article 695a, Vernon's Civil Statutes, and related Acts may
be properly paid out of County funds.

The Statutes, however, are silent as to the rate per mile that persons employed in Child Welfare Units may be paid for travel incurred in carrying out the official business of the Child Welfare Units.  While the Legislature by House Bill 86, Acts of the 58th Legislature, Regular Session, 1963, provided that State employees would receive eight cents (8¢) a mile for official travel expense, this does not apply to persons employed by Counties.

It is our opinion, therefore, that the Commissioners' Court in allowing travel expenses may pay such money as is reasonable and necessary to fulfill the duties and responsibilities of Child Welfare Units.  This office has continually stated that the determination of what constitutes reasonable and necessary expenses is a question of fact and is to be determined by the Commissioners' Court itself.  Attorney General's Opinions Nos. 0-995 (1939), 0-3670 (1941) and V-607 (1948).

## SUMMARY

Persons employed by County Child Welfare Units may receive reasonable and necessary travel expense while fulfilling their official duties, the determination of what constitutes reasonable and necessary expenses being a question of fact to be decided by the Commissioners' Court of the county.

Very truly yours,

WAGGONER CARR
Attorney General

By  Jerry Brock
Assistant

JB:mkh:wb

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Pat Bailey
Milton Richardson
V. F. Taylor
Gordon Appleman
APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone